UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA SENEKA,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF YOLO, a government entity; YOLO COUNTY CHILD WELFARE SERVICES, a government entity, et al.,<br><br>        Defendants. | No. 2:23-cv-00124 KJM AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and has paid the filing fee. The matter was referred to the undersigned by E.D. Cal. 302(c)(21). Pending before the court are multiple motions to dismiss, including motions from the following defendants: Natalie Moore and Mikaela West (ECF No. 12); City of Woodland, County of Yolo, Marissa Green, April Godwin, Salaam Shabazz, Cate Giacopuzzi-Rotz, Rebekah Heinenberger, Amanda Ekman, Jennie Pettet, Cori Chapin, Alexandria Nelson, Breanna Kraft, Valerie Zeller, Karleen Jakowski, Meghan Morris, Erica Jimenez, Gina Shabazz, Christina Maciel, Josefina Elliot, Brenda Gage, and Gennifer Magee (ECF No. 13); Robin Seneka (ECF No. 29); Jeanne Seneka (ECF No. 30); Eric Seneka (ECF No. 31); Michael Seneka (ECF NO. 32); and California Health and Human Services Agency (CHHS), California Department of Social Services (CDSS), and Office of Foster Care Ombudsman (FCO) (ECF No. 34). Plaintiff has not opposed any of these motions. Because this

case is barred by the doctrine of res judicata, it is recommended that the motions be granted and that this case be DISMISSED in its entirety.

Also before the court is plaintiff's motion for alternate service on defendants Jeanne Seneka, Eric Seneka, and Michael Seneka. ECF No. 9. Because claims against each of these defendants are barred under the doctrine of res judicata, plaintiff's motion is DENIED as MOOT.

## I.   Background

This civil rights action arises out of a Yolo County Superior Court juvenile dependency proceeding that resulted in plaintiff's children being taken from her. On January 20, 2023, plaintiff filed a complaint against 32 individuals and/or entities that were involved in the juvenile proceeding. ECF No. 1. On May 22, 2023, Plaintiff filed a First Amended Complaint ("FAC") against the same defendants. ECF No. 6. Plaintiff previously filed a similar action against most of these same defendants in the United States District Court, Eastern District, Case No. 2:20-cv-01621-TLN-CKD, entitled Shana Seneka v. County of Yolo, et al. ("Seneka I").

## II.   Legal Standard

A motion to dismiss may be predicated on a party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss should be granted if a complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim at least plausible. Iqbal, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. Id. (citing Twombly, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept well-pleaded factual allegations as true and construe the complaint in plaintiff's favor. Id.; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party

opposing the motion and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In general, the court evaluates the complaint and its attachments, if any, in ruling on a motion to dismiss. However, the court, as it does here, may rely on matters properly subject to judicial notice, such as filed court documents. Fed. R. Evid. 201(b) ("[A] judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); Lee v. City of Los Angeles, 250 F.3d 668 at 690 (9th Cir. 2001) (court may "take judicial notice of undisputed matters of public record").

### III.     Analysis

The claims that plaintiff brings here have already been litigated in Seneka I. That action was dismissed in its entirety, with prejudice. Seneka 1 at ECF Nos. 30, 31, 32. The current action is therefore barred by res judicata and must be dismissed. The legal doctrine of res judicata "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United States v. Tohono of Odham Nation, 131 S.Ct. 1723, 1730 (2011) (internal quotation marks omitted). Res judicata prevents the litigation of claims for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe–Sierra Preservation Council Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003) (internal quotation marks omitted).

Here, the plaintiff, the County, the City, the various named employees and appointed counsel, were all parties in Seneka I. Although defendants Jeanne Seneka, Eric Seneka, and Michael Seneka (plaintiff's former parents-in-law and brother-in-law) were not listed as defendants in Seneka I, they were named in the operative complaint in that case and were factually included in the same way in which they are included in the case at bar. Seneka I at ECF No. 5 at 35. "Whether a person was a party to the prior suit must be determined as a matter of substance and not of mere form." American Triticale, Inc. v. Nytco Services, Inc., 664 F.2d

3

1136, 1147 (9th Cir. 1981). The most important consideration is "whether or not in the earlier litigation the representative of the [party] had authority to represent its interests in a final adjudication of the issue in controversy." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 403 (1940); see also, Fund for Animals, 962 F.2d at 1398. In sum, privity is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved. In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997). An analysis of the complaints in Seneka I and this case makes clear that there is privity between the parties in the two actions. Further, a final judgment on the merits was entered as to the claims in Seneka I. Seneka I at ECF No. 31; Fed. R. Civ. P. 41(b) (Unless otherwise stated in the dismissal order, a dismissal under Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits). Thus, the only element in need of analysis is element two: the requirement that there be an identity of claims.

The Ninth Circuit applies a four-factor test to determine whether there is identity of claims for res judicata purposes: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005). Whether the claims share the same transactional nucleus of facts is the "most important" factor. Id.

Here, plaintiff's FAC alleges the same infringement of the same rights and arises out of the same nucleus of facts present in Seneka I: the removal of plaintiff's children from her custody and the juvenile dependency proceedings involving plaintiff's children. The FAC alleges the County, City, and various employee, family member, and appointed counsel's conduct violated plaintiff's rights in multiple ways during the removal of plaintiff's children from her home and the ensuing juvenile dependency proceedings. Therefore, the § 1983 claims against defendants present a dispute over the same claims that were at issue in the prior litigation, and as such they are barred by the doctrine of res judicata. All the claims presented, including common law tort claims, arise out of the same transactional nucleus of fact and are all barred by res judicata.

### IV. Pro Se Plaintiff's Summary

This case cannot be litigated again in federal court because a previous case based on the same incidents and involving the same parties has already been dismissed with prejudice. Once a decision is made in a lawsuit, the same lawsuit cannot be brought again. Because of this, the court is recommending this case be dismissed with prejudice. You may object to this recommendation within 21 days.

### V. Conclusion

It is hereby ordered that plaintiff's motion for alternate service (ECF No. 9) is DENIED as MOOT because plaintiff's case is barred in its entirety under the doctrine of res judicata.

It is further RECOMMENDED that the motions to dismiss at ECF Nos. 12 13, 29, 30, 31, 32, and 34 be GRANTED and that this case be dismissed with prejudice because it is barred by the principles of res judicata.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 10, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE